THE NEWARK PUBLIC SCHOOLS, a corporation under the laws of the State of Delaware, *vs.* SAMUEL J. WRIGHT.

SCHOOLS AND SCHOOL DISTRICTS—SCHOOL TAXES—PROPERTY LIABLE.

19 *Del. Laws*, c. 612, divides two school districts into four districts, and incorporates those four districts under the title of the Newark Public Schools, and provides, under *Section* 1, *Paragraph* 6, that the districts thereby formed shall have all the rights, powers, etc., of school districts in the state. *Section* 4 provides that the board of education is vested with all the authority conferred by any law on the school committee of the two original districts, authorizing it to lay and raise by taxation any sums necessary to carry on the schools and for incidental expenses. *Rev. Code* 1852, amended to 1893, *p.* 325, *c.* 42, § 12, at that time provided that the school committees of the several school districts should make assessment lists, and that the rates of persons and personal property should be taken from the assessment list of the hundred on which such inhabitants were assessed, or if not on the list of any hundred the committee should rate them according to law. 21 *Del. Laws*, c. 67, § 18, provides that personal property of all white persons subject to tax for school purposes shall be liable to assessment and tax in the school district in which it is located, that the school committees in making assessment lists for their

respective districts shall place thereon the rates of personal property subject to tax in the district in which it has an actual location, that they shall not take such rates from the assessment lists of the hundred, but shall fix the rates upon personal view thereof or other sufficient information, that the assessment lists shall only include the personal property actually located in the district, and that no property shall be assessed for school purposes which is exempt from taxation for county purposes. *Section* 30 provides that the provisions thereof, where not inconsistent with the acts incorporating the respective incorporated districts of the state, shall apply to such incorporated districts. *Rev. Code* 1852, amended to 1893, *p.* 114, *c.* 11, § 1, provides that all real and personal property not belonging to the state, the United States, etc., shall be liable to taxation for public purposes, but that provisions necessary for the use and consumption of the owner and his family for the year, farming utensils, the working tools of mechanics or manufacturers constantly employed in their business, the implements of a person's trade or profession, the stock on hand of a tradesman or manufacturer, household furniture, wearing apparel, ready money, goods, wares and merchandise imported, etc., shall be exempt. *Held*, that an automobile owned and located in the consolidated district known as Newark Public Schools was not exempt from taxation for county purposes, and was therefore taxable by such district for school purposes; it being conceded that its owner was not in the exempted classes specified in *Chapter* 11, § 1, of the *Revised Code*, and that it did not constitute farming utensils, stock on hand of a manufacturer or tradesman, or goods, wares, and merchandise imported.

*(October* 4, 1913.)

Judges WOOLLEY and RICE sitting.

*T. Bayard Heisel* for plaintiff.

*Charles B. Evans* and *George L. Townsend, Jr.*, for defendant.

Superior Court, New Castle County, September Term, 1913.

SUMMONS CASE (No. 64, March Term, 1913). Submitted on case stated, the question before the court for determination being whether an automobile, owned and located in the consolidated district known as "the Newark Public Schools," is or is not, under the laws of this state, exempt from taxation for school purposes in said district.

The facts and contentions are stated in the opinion.

RICE, J., delivering the opinion of the court:

The plaintiff is a corporation existing under the laws of the State of Delaware, having such powers as are conferred upon it by *Chapter* 612, *Volume* 19, *Laws of Delaware, Chapter* 67, *Volume* 21, *Laws of Delaware*, and all acts amendatory thereof and supplemental thereto. By the provisions of *Chapter* 612, school districts

in New Castle County known as school districts Nos. 39 and 41, were divided into school districts Nos. 39, 39½, 41 and 41½, and these four districts by the same act were incorporated and consolidated into one school district under the name of "the Newark Public Schools," to be governed by a "board of education."

In the month of July, A. D. 1912, and for many years prior thereto, the defendant resided within the boundaries of said consolidated school district. The defendant in July, 1912, owned a motor car or automobile located within this district.

In July, 1912, the board of education of the said consolidated school district in order to raise money necessary to carry on the schools and for incidental expenses, for the ensuing year, in addition to the four dividends provided for in *Chapter* 612, laid a tax upon said motor car or automobile of the defendant, at a valuation of seven hundred and fifty dollars, at a rate of two dollars and fifty cents for each one hundred dollars of valuation, making a total of eighteeen dollars and seventy-five cents tax on said motor car or automobile; the rate being the same as levied upon other personal property located in this school district, for school purposes, for the year.

If the court is of the opinion that said motor car or automobile, at the time of assessing and levying said tax for the ensuing school year, was not exempt from assessment and taxation for school purposes, judgment to be entered in favor of the plaintiff for eighteen dollars and seventy-five cents, besides costs of suit; otherwise, judgment to be entered for the defendant.

The court understands that no question is raised concerning the regularity of the assessment made by the "board of education," and the only question for their determination to be whether an automobile owned and located in the consolidated school district known as "the Newark Public Schools," is or is not, under the laws of this state, exempt from taxation for school purposes in that district.

*Chapter* 612, *Volume* 19, *Laws of Delaware, p.* 712, under which act this plaintiff was incorporated, provided that school districts Nos. 39 and 41, New Castle County, be divided into the

four school districts Nos. 39, 39½, 41 and 41½, and these four districts be incorporated and consolidated into one school district, under the title of "the Newark Public Schools," and the governing body to be a "board of education," with power to levy and collect taxes for school purposes.

The powers of the board of education of "the Newark Public Schools" to assess and levy taxes for school purposes are set forth in *paragraph* 6, *section* 1, and *section* 4 of *chapter* 612.

*Section* 1, *paragraph* 6: "The four districts formed by this act shall have and enjoy all the rights, *powers, incidents, immunities, privileges* and *benefits*, of school districts, in this state, and each of said districts shall be entitled to its proportionate share of the school fund of this state apportioned to New Castle County."

*Section* 4 of the same chapter is as follows: "That the board of education aforesaid is hereby vested with all the authority conferred by any law of the State of Delaware on the school committee of united school districts Nos. 39 and 41, in New Castle County, authorizing it to lay and raise by taxation any sum or sums of money which may be necessary to carry on the schools and for incidental expenses, in addition to the four dividends provided by this act, and the board of education shall have all the powers conferred upon commissioners of other districts for the collection of taxes, and shall have the right to draw the four dividends due from the state as drawn by other districts consolidated in like manner."

From *sections* 1 and 4 it will be seen that the board of education, in respect to assessment and taxation for school purposes, had certain powers specifically mentioned in the chapter under consideration, as well as other powers conferred formerly on the school committee of united school districts Nos. 39 and 41 of New Castle County. Prior to *Chapter* 612 becoming a law, school districts Nos. 39 and 41 were governed by a school committee, and the powers of that school committee concerning assessment and taxation, were the same as granted to school committees of school districts throughout the state, being found in *Section* 12, *Chapter* 42, *Revised Code* of 1893, *p.* 325.

*Section* 12, *Chapter* 42 of the *Revised Code:* "It shall be the

duty of the school committees of the several school districts to make assessment lists for their respective districts. Such lists shall consist of the rates of persons of all the white male inhabitants of the district over twenty-one years old; of the rates of the personal property of all the white inhabitants of the district; and of the clear rental value of all the assessable real estate within the district owned by white persons. The rates of persons and of personal property shall be taken from the assessment list of the hundred on which the inhabitants of the district respectively stand assessed at the time, or if they be not on the list of any hundred in the county, the committee shall rate the same according to law," etc.

At the time "the Newark Public Schools" were incorporated, it appears from *Chapter* 42 of the *Revised Code* that all personal property within a school district was subject to taxation for school purposes within the district, provided it appeared on the hundred assessment list of the hundred of which the school district was a part. The same law directed that the school assessment list should be made from the hundred assessment list.

In 1898 and subsequent to the passage of the law incorporating "the Newark Public Schools", the Legislature passed an act respecting public schools entitled "An act concerning the establishment of a general system of free public schools", being *Chapter* 67, *Volume* 2, *Laws of Delaware, p.* 168. In considering this case it will be necessary for us to refer to *sections* 18 and 30 of *chapter* 67.

That portion of *section* 18 necessary for consideration now, is as follows:

"The personal property of all white persons now subject to tax for school purposes in the school districts shall be liable to assessment and tax for school purposes in the school district, only in which it is actually located; and it shall be the duty of the school committee of the several districts for white children as aforesaid within the limits of this state, making the assessment lists for their respective districts, to place thereon the rates of the personal property now subject to tax for school purposes in the school district in which it has an actual location, irrespective of the

Opinion.

residence of the owner thereof. The schoool committees of the several school districts within this state shall not take the rates of personal property from the assessment lists of the hundred in which it stands assessed at the time, but shall fix the rates of personal property for their respective school districts upon personal view thereof, or other sufficient information of the owners or persons having control of the same. The assessment list of each school district as aforesaid shall only include the personal property actually located therein; Provided, *that no property shall be assessed for* school purposes under the provisions of this act, which is exempted from taxation for county purposes."

*Section* 30: "All the provisions of this act, where not inconsistent with the provisions of the several acts incorporating the respective incorporated districts in this state, shall apply to such incorporated districts in this state, * * * and where any provision of this act is expressly made applicable to incorporated districts, such provisions shall apply to such districts, whether inconsistent or not."

We accept as undisputed that the provisions contained in *Section* 18, *Chapter* 67, appearing above, apply to "the Newark public schools" as well as other school districts in the state. And therefore after *chapter* 67 became a law, the personal property subject to assessment for school purposes, and the mode of making the assessment lists in "the Newark Public Schools" district was, as set forth in *section* 18, above.

The material changes made in *Chapter* 42 of the *Code*, in relation to assessment and taxation of personal property for school purposes, by the passing of *Chapter* 67, *Laws of Delaware, Volume* 21, are as follows:

*First.* Under the old act all personal property was subject to taxation for school purposes, if it appeared on the hundred assessment list of the hundred of which the district was a part, and under the new act personal property was liable to taxation for school purposes, if not exempt from taxation for county purposes.

*Second.* Under the former act the school committee in laying its assessment was obliged to follow the list of the hundred

assessment, and under the later act they were not permitted to follow the hundred assessment list, but must make their own list of personal property located in the district, provided it was not exempt from taxation for county purposes.

Under the former act, the "Board of Education of the Newark Public Schools" could place on their assessment list for taxation for school purposes any personal property appearing on the hundred assessment list for that hundred, and under the later act, they must make their own assessment list upon view or information of personal property, located in the district, not exempt from taxation for county purposes.

It would thus seem unless the automobile in question was exempt from taxation for county purposes, it would be lawfully placed on the school assessment list of "the Newark Public Schools." It was admitted by the counsel for the defendant that the only law of this state, having reference to the authority of the levy court to assess and levy taxes for county purposes, and describing the personal property exempt therefrom, having application to the present case, is found in *Section* 1, *Chapter* 11, *Revised Code* of 1893, *p.* 114.

"*Section* 1. All real and personal property, not belonging to this state, or the United States, or any county, church, religious society, college or school, or to any corporation for charitable uses, shall be liable to taxation and assessment for public purposes. (Provided, that legacies for religious, charitable and educational purposes, shall not be subject to taxation.)

"Provided always, that provisions necessary for the use and consumption of the owner and his family for the year (not including live stock), farming utensils, the working tools of mechanics, or manufacturers, constantly employed in their business, the implements of a person's trade, or profession, stock on hand of a manufacturer or tradesman, household furniture other than plate, grain and other produce of land, wearing apparel, ready money, * * * goods, wares and merchandise imported, and vessels trading from any part of this state, shall be exempted from assessment."

It will be appreciated, from a reading of the above section,

that it might be possible for an automobile or motor car to come within some of the exempted classes of personal property named in *section* 1; but at the argument it was admitted by counsel for the defendant that the owner was not in the exempted classes of owners contained in *paragraph* 1, also that the automobile in question did not fall within the following exempted classes found in *paragraph* 2 of the section: "Of farming utensils, stock on hand of a manufacturer or tradesman, or goods, wares and merchandise imported." We think it would not be seriously contended that an automobile could come within any class set forth in the section other than those mentioned above. Therefore, under the provisions of *Section* 1, *Chapter* 11, of the *Code*, defendant's automobile was not exempt from taxation for county purposes, and not being exempt from taxation for county purposes, in our opinion it was not, under our statutes, exempt from assessment and taxation for school purposes.

The automobile belonging to Samuel J. Wright, the defendant, being personal property not within a class exempted from assessment and taxation for county purposes, and consequently under the statutes of this state subject to assessment and taxation for school purposes, the opinion of the court is that the board of education of the Newark Public Schools had the lawful authority and power to place on the assessment list and tax for school purposes, the defendant's automobile located in that district.

Therefore we order judgment to be entered, in favor of the plaintiff and against the defendant, for the sum of eighteen dollars and seventy-five cents, besides costs of suit.